COPY

1   ANTHONY R. LOPEZ, a Professional Corporation
    LAW OFFICES LOPEZ & ASSOCIATES
2   ANTHONY R. LOPEZ, CASBN 149653
    9025 Wilshire Blvd., Suite 500
3   Beverly Hills, California 90211
    Telephone: (310)276-4700
4   facsimile:(310)861-0509

5

6   Attorney for Plaintiff JUAN CARLOS VELAZQUEZ

7                    **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9              321 North Spring Street, Los Angeles, CA 90012

10

11  JUAN CARLOS VELAZQUEZ;              Case No. CV13-6549 JEM

12                                  )
                                    )
13                     Plaintiff    )   **COMPLAINT FOR:**
                                    )
14                                  )   1.   **FEDERAL TRADEMARK**
    vs.                             )        **INFRINGEMENT;**
15                                  )
                                    )   2.   **FEDERAL TRADEMARK**
16  CELSO HERNANDEZ individually and )        **COUNTERFEITING;**
    doing business as PLAYA LAS TUNAS )
17  RESTAURANT; LEONARDO            )   3.   **FALSE DESIGNATION OF**
    FRANCO DA SILVA ZANNIER;        )        **ORIGIN AND UNFAIR**
18  ADAN FRANCO; GIANNI PIVETTA;    )        **COMPETITION;**
    RUBEN AGUILERA; CONCEPCION      )
19  GARCIA and DOES 1 to 5          )   4.   **DILUTION;**
                                    )
20                                  )
                                    )
21                                  )
                                    )
22                     Defendants.  )   **JURY TRIAL DEMANDED**
                                    )
23                                  )
                                    )
24                                  )
                                    )
25                                  )
                                    )
26                                  )
                                    )
27                                  )
                                    )
28  _____)

                              1
                         **COMPLAINT**

1  Plaintiff Juan Carlos Velazquez, for its complaint alleges as follows:

2  ## NATURE OF THE ACTION

3      1.     As a complete and independent claims for relief, Plaintiff asserts

4  claims of trademark and service mark infringement, counterfeiting, false

5  designations of origin and unfair competition by Defendants under the laws of the

6  United States, particularly under the federal Trademark Act, as amended, 15

7  U.S.C. § 1051 et seq., and California statutory and common law.

8  ## JURISDICTION AND VENUE

9      2.     This Court has exclusive subject matter jurisdiction as to the

10  violations of the Lanham Act pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331,

11  1332(a)-(c) and § 1338(a). This Court also has pendant jurisdiction over the state

12  causes of action relating to unfair competition and to trademark, service mark,

13  trade name and trade dress infringement, pursuant to 28 U.S.C. § 1338(b).

14      3.     The Court has specific personal jurisdiction over all the defendants as

15  each has purposefully committed, within the state, the acts from which these

16  claims arise and/or has committed tortuous  acts outside California, knowing and

17  intending that such acts would case injury within the state.

18      4.     Venue in this action is proper in the United States District Court for

19  the Central District of California by virtue of 28 U.S.C. §§ 1391(b) and 1391(c) in

20  that some defendants reside in this District, transact affairs in this District and that

21  a substantial part of the events or omissions giving rise to the claims herein

22  occurred within this District.

23  ## THE PARTIES

24      5.     Juan Carlos Velazquez ("Velazquez"), is a resident of the State of

25  Florida and maintains its principal place of business in Miami, Florida, is the

26  exclusive owner of the musical group known as "Los Iracundos".

27      6.     Plaintiff is informed and believes, and based upon that belief alleges

28  that Defendant Celso Hernandez resides and maintains his principal place of

**COMPLAINT**

1 | business in Los Angeles, California.

2 |      7.    Plaintiff is informed and believes, and based upon that belief alleges
3 | that Defendant Leonardo Franco Da Silva Zannier resides in Uruguay and is
4 | conducting business in Los Angeles, California.

5 |      8.    Plaintiff is informed and believes, and based upon that belief alleges
6 | that Defendant Adan Franco resides in Uruguay and is conducting business in Los
7 | Angeles, California.

8 |      9.    Plaintiff is informed and believes, and based upon that belief alleges
9 | that Defendant Gianni Pivetta resides in Argentina and is conducting business in
10 | Los Angeles, California.

11 |     10.    Plaintiff is informed and believes, and based upon that belief alleges
12 | that Defendant Ruben Aguilera resides in Argentina and is conducting business in
13 | Los Angeles, California.

14 |     11.    Plaintiff is informed and believes, and based upon that belief alleges
15 | that Defendant Concepcion Garcia resides in Argentina and is conducting business
16 | in Los Angeles, California.

17 |     12.    The true names and capacities, whether individual, corporate,
18 | associate, employee, or otherwise, of the Defendants sued herein as Does 1
19 | through 5, inclusive, currently are unknown to Plaintiff and Plaintiff therefore sues
20 | said Defendants by such fictitious names. Plaintiff is informed and believes, and
21 | thereon alleges, that each of the Defendants designated herein as a Doe is
22 | responsible legally in some manner for the acts, conduct, omissions and events
23 | referred to herein, causing injury and damage proximately thereby to Plaintiff, as
24 | alleged hereinafter. Plaintiff will seek leave to amend this Complaint to allege the
25 | true names, capacities and circumstances establishing the liability of the
26 | Defendants designated herein as Does 1 through 5, inclusive, at such time as
27 | Plaintiff ascertains the same.

28 |     13.    Plaintiff is informed and believes, and on that basis averts that, at all

1    times herein relevant, each of the Defendants was the agent, servant, employee,

2    supervisor, co-venturer, subsidiary and/or corporate-parent of each of the

3    remaining Defendants and, at all times herein relevant, each Defendant was acting

4    within the course, scope, purpose, consent, knowledge, ratification, and

5    authorization of such agency, employment, joint venture, subsidiary and/or

6    corporate-parent relationship.

7        14.    Whenever in this Complaint reference is made to "Defendant", or

8    "Defendants" and each of them,  such allegations shall refer to all Defendants

9    named herein, including all Defendants designated herein as Does, and shall be

10    deemed to mean the conduct of any and all such Defendants acting individually,

11    jointly and/or severally.

12                      **GENERAL ALLEGATIONS**

13        15.    Plaintiff, Velazquez alleges claims for federal trademark infringement

14    and unfair competition in connection with Defendants' unauthorized and unlawful

15    use and misappropriation of a duly registered federal trademark and service mark

16    "Los Iracundos" belonging to Plaintiff's licensor.

17        16.    On October 30, 2012, Plaintiff obtained a federal registration of the

18    trademark and  service mark "Los Iracundos" with the United States Patent and

19    Trademark Office for pre-recorded CDs featuring performances by a musical

20    group; pre-recorded electronic and digital media featuring performances by a

21    musical group in Class9 and  as a service mark for entertainment services, namely,

22    live performances of musical band in Class 41.  A true and correct copy of the

23    Certificate of Registration No.4,232,880 is attached as ***Exhibit "A"*** and is

24    incorporated by reference.

25        17.    Los Iracundos is a South American  musical group created in 1960

26    by the Plaintiff, it records and performs a Latin rock musical genre.   As one the

27    first Latin Rock groups to reach international success, it is credited with helping to

28    popularize the genre throughout Latin America and the United States.

18.     Plaintiff has express authority to commence or prosecute any claims or suits against third parties with respect to any matter in connection with the trademark rights to "Los Iracundos" including, without limitation, infringement actions.

19.     Plaintiff has used the name "Los Iracundos" substantially and continuously throughout the United States and the World since March 1974.

20.     Plaintiff has exhibited the musical group named "Los Iracundos" at live music performances in venues throughout the United States and World  since March 1974.

21.     Plaintiff has used the federally registered "Los Iracundos" mark for live music performances as well as on promotional flyers, electronic and print media, and other forms of advertisement and marketing for "Los Iracundos" musical performances.

22.     At significant expense and effort, Plaintiff has maintained the "Los Iracundos" federal trademark and enhanced the mark's value.

23.     Plaintiff has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection with the mark "Los Iracundos."    Plaintiff has spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Iracundos" performances, services, and products throughout the United States and Mexico.

24.     Plaintiff has continually controlled the content and quality of the "Los Iracundos"  musical performances and other services and goods, which prominently display the distinctive style, trade dress, and persona of  "Los Iracundos."

25.     Plaintiff's distinctive trade dress is strongly associated by the public with Los Iracundos' musical group by virtue of extensive sales promotions, musical performances, displays, advertising and other marketing efforts, as well as the  "Los Iracundos"manner of musical performance, image, style, sound and

5
**COMPLAINT**

1   presentation.

2       26.   As a result of Plaintiff's afore described use, promotion and publicity,

3   the "Los Iracundos" mark has acquired enormous value and inestimable goodwill,

4   and has become extremely well-known and famous to the consuming public and

5   trade as identifying a source of high quality.

6       27.   Plaintiff's efforts have strengthened the public meaning of the

7   inherently distinctive trademark and service mark  "Los Iracundos" The mark is

8   used to indicate the source of Velazquez's "Los Irancundos" public performances

9   and other goods and services, identifying and distinguishing them from those

10   rendered or sold by others.

11       28.   Plaintiff alleges on information and belief that Defendants have

12   knowingly operated and promoted a musical group of performing artists who call

13   and style themselves  "Los Iracundos."

14       29.   Plaintiff alleges on information and belief that Defendants have been

15   advertising the performances of musical groups presenting themselves as "Los

16   Iracundos" at public performances that have taken place over several years.

17       30.   Plaintiff alleges on information and belief that Defendants have

18   knowingly misrepresented to the general public that their groups are the same as

19   Velazquez's group, which is the rightful owner of the trademark and service mark

20   "Los Iracundos."

21       31.   Plaintiff alleges on information and belief that Defendants have

22   knowingly misrepresented in several written public advertisements and in other

23   ways that they are the owners of the mark and trade name  "Los Iracundos."

24       32.   Plaintiff alleges on information and belief that Defendants have used

25   the name "Los Iracundos" in connection with the same goods and services as

26   Velazquez, all in direct violation of Velazquez's "Los Iracundos" rights.

27       33.   Plaintiff alleges on information and belief that Defendants and Does 1

28   through 5, have used the name "Los Iracundos" in advertising and marketing their

1   group to promoters, venue operators, and others, preying upon the public

2   confusion by utilizing a name that is identical to the tradename and mark of

3   Plaintiff's musical group and undercutting the market for Plaintiff's group by

4   selling Defendants' services at a greatly reduced rate from that charged by

5   Plaintiff's musical group while utilizing an identical moniker.

6       34.    Plaintiff alleges on information and belief that Defendants' activities

7   have led unscrupulous promoters and venue operators to use the sound recordings

8   and name of "Los Iracundos" to advertise Defendants' services to an unsuspecting

9   public, particularly since Defendants' pirate group has no sound recordings of th

10   its own, much less any sound recordings made and marketed under the name "Los

11   Iracundos".

12      35.    The activities of Defendants stand to irreparably harm the group that

13   Plaintiff has cultivated and Plaintiff now stands to defend as the licensee.

14      36.    Plaintiff alleges on information and belief that Defendants have

15   scheduled public performances for coming weeks in California and elsewhere, and

16   that unscrupulous promoters and venue operators to whom Defendants sell the

17   services of the Defendants' group are well aware that Defendants' group is not

18   "Los Iracundos".

19      37.    Plaintiff alleges on information and belief that promoters, venue

20   operators and others have caused print and other forms of advertising to be placed

21   before the public in a calculated effort to mislead the public into attending the

22   performances of Defendants' no-name group by holding the group out as "Los

23   Iracundos".

24      38.    Meanwhile, Plaintiff is irreparably harmed each time Defendants

25   practice their deceptions upon an unsuspecting public. Such customers are less

26   likely to be as trusting next time a performance by Plaintiff's musical group is

27   advertised. The damage to Plaintiff's reputation, earning ability and bottom line is

28   incalculable ; the harm is irreparable.

39.     Defendants can be expected to continue the above deceptive practices in order to benefit from the confusion they are causing unless enjoined form such deceptive activities.

### FIRST CLAIM FOR RELIEF

#### Trademark Infringement in Violation of Section 32
#### of the Lanham Act, 15 U.S.C. § 1114

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.     This claim for relief arises under Section 32 of the Lanham Act, 15 U.S.C. § 114 and is alleged against all Defendants.

42.     Plaintiff is the licensee of the musical group, trade name and service mark "Los Iracundos". Continuously since 1974, Plaintiff has used the mark "Los Iracundos" in commerce in connection with the services of the musical group as performing and recording artists. The mark "Los Iracundos" is inherently distinctive and has acquired a secondary meaning to referring to Plaintiff's group.

43.     None of the Defendants named herein have any claim or colorable right  to utilize the name "Los Iracundos".

44.     The foregoing acts of Defendants constitute infringement of U.S. Trademark Registration No. 4,232,880 in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.     Defendants' unauthorized use of "Los Iracundos" as a mark falsely indicates to consumers that Defendants' entertainment services originate from, are approved by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment services and live music performances.

46.     Defendants' unauthorized use of "Los Iracundos" in the manner described above is likely to cause confusion, to cause mistake, or to deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

47.     Defendants' unauthorized use of the "Los Iracundos" mark removes Velazquez's ability to control the nature and quality of the goods and services provided under its "Los Iracundos" mark and places the Plaintiff's valuable reputation and goodwill in the hands of the Defendants.

48.     Plaintiff is entitled to strong protection under Section 32 of the Lanham Act because such mark, when used to identify entertainment services and live music performances is "arbitrary" as to such services.

49.     Plaintiff believes that it has or is likely to be damaged by Defendants' use of the mark at issue and will suffer irreparable harm.

50.     Defendants are therefore liable, without limitation, for the remedies provided for in 15 U.S.C. § 1114(2), 1116, 1117 and 1118.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Counterfeiting, 15 U.S.C. § 1114

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 50 of this complaint as if fully set forth herein.

52.     This claim for relief arises under 15 U.S.C. § 114 and is alleged against all Defendants.

53.     Defendants' foregoing acts constitute federal trademark counterfeiting of Plaintiff's federally registered trademark "Los Iracundos" as defined by 15 U.S.C. §§ 1114, 1116.

54.     Federal registration of a trademark is prima facie evidence of a registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).    Plaintiff, Velazquez, as the exclusive owner of the "Los Iracundos" trademark, possesses the right to initiate proceedings to enforce, protect, and defend the "Los Iracundos" brand.

55.     Plaintiff has continually and substantially advertised and marketed performances and other entertainment services, as well as goods, in connection

with the mark "Los Iracundos."   Plaintiff has spent considerable sums of money promoting and enhancing the goodwill associated with the "Los Iracundos" performances, services, and products throughout the United States and in foreign countries.

56.   Defendants have been advertising the performances of musical groups presenting themselves as "Los Iracundos" at public performances that have taken place over several years.

57.   Defendants have knowingly misrepresented in several written public advertisements and in other ways that they are the owners of the mark and trade name "Los Iracundos."

58.   The Defendants' willful and intentional counterfeiting, imitating, and copying of Velazquez's registered trademark has confused, and will likely continue to confuse or deceive the public into believing Defendants' goods and services originate from or are associated with Plaintiff.

59.   Defendants' activities are in violation of 15 U.S.C. § 1116(1)(a) and constitute counterfeiting of a registered trademark in connection with the sale or offering for sale of a service which is likely to cause confusion, mistake or deception with the services offered by Plaintiff.

## THIRD CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

60.   Plaintiff realleges and incorporates by reference paragraphs 1 through 59 of this complaint as if fully set forth herein.

61.   This claim for relief arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and is alleged against all Defendants.

62.   Defendants' unauthorized use of the "Los Iracundos" mark, trade name, and trade dress falsely indicates to consumers that Defendants entertainment services originate from, are approved by, are sponsored by, are licensed by, or are

COMPLAINT

1  affiliated with Plaintiff or are otherwise associated with Plaintiff's entertainment
2  services and live music performances.

3      63.  Defendants' unauthorized use of the "Los Iracundos" mark in the
4  manner described above is likely to cause confusion, to cause mistake, or to
5  deceive the public into believing Defendants' goods and services originate from or
6  are associated with Plaintiff.

7      64.  Defendants' infringement has been intentional and willful,
8  constituting and exceptional case pursuant to Section 35 of the Lanham Act, 15
9  U.S.C. § 1117.  Plaintiff is therefore entitled to recover three times the amount of:
10  (1) Defendants' profits; and (2) Defendants actual damages, including pre-
11  judgment interest.  Plaintiff is further entitled to recover their attorney fees and
12  costs incurred in this action.

13      65.  Defendants' unauthorized use of the  "Los Iracundos"trademark, trade
14  name and trade dress removes from Plaintiff the ability to control the nature and
15  quality of the goods and services provided under its  "Los Iracundos" mark and
16  places the valuable reputation and goodwill of Plaintiff in the hands of the
17  Defendants.

18      66.  Plaintiff's Licensor's  mark is entitled to strong protection under
19  Section 43(a) of the Lanham Act because such mark, when used to identify
20  entertainment services and musical sound recordings, is "arbitrary" as to such
21  services, and because Plaintiff has extensively promoted the mark to the relevant
22  public.

23      67.  Plaintiff has been or is likely to be irreparably damaged by
24  Defendants' use of the mark, trade name, and trade dress at issue.

25      68.  Defendants' actions, as set forth above, constitute trademark, trade
26  name and trade dress infringement in violation of Section 43(a) of the Lanham
27  Act, 15 U.S.C. § 1125(a).

28      69  Defendants are therefore liable, without limitation, for the remedies

1 | provided for in 15 U.S.C. § 1114(2), 1116, 1117, and 1118.

2 | **FOURTH CLAIM FOR RELIEF**

3 | **Trademark Dilution Under The Lanham Act**

4 |     70.    Plaintiff realleges and incorporates by reference paragraphs 1 through

5 | 69 of this complaint as if fully set forth herein.

6 |     71.    This claim for relief arises under Lanham Act and is alleged against

7 | all Defendants.

8 |     72.    The trade name and mark of Plaintiff's, "Los Iracundos" has become

9 | famous throughout the United States, through use in advertising of the musical

10 | group's services, through radio airplay, record sales, the appearance of the musical

11 | group on television broadcast in Latin America and the United States, newspaper

12 | and magazine articles concerning the group and public appearances at concerts,

13 | dances and events.

14 |     73.    Defendants' use of the "Los Iracundos" mark and distinctive

15 | designs tarnishes the image of and dilutes the distinctive character of the "Los

16 | Iracundos" mark and will diminish and destroy the public association of the trade

17 | name and mark of Plaintiff's licensor's musical group.

18 |     74.    In engaging in the actions complained of above, Defendants and each

19 | of them willfully intended and intend to trade on the reputation of the musical

20 | group of the Plaintiff's licensor.

21 |     75.    In engaging in the actions complained of above, defendants and each

22 | of them have willfully intended to cause dilution of the famous trade name and

23 | mark belonging to Plaintiff's licensor.

24 |     76.    For each act of unfair competition, Plaintiff is entitled to recover

25 | actual damages as well as Defendants' profits from such infringement.

26 |     77.    Defendants' continuous use of Plaintiff's trademark and distinctive

27 | designs  diminishes and dilutes the distinctive value of the mark, to the great

28 | detriment of Plaintiff in contravention of 15 U.S.C. § 1125(c)(1).

78.     As a result of Defendants' activities, Plaintiff and the public have been and are likely to be further irreparably damaged. causing confusion, mistake or deception.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1.     For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action.

2.     For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining Defendants and each of them and their agents, servants, employees and co-ventures, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a)     Using the name "Los Iracundos" or any confusing similar or colorable imitation of the name, in connection with advertising in any form, or in connection with the goods or services of Defendants or any of them.

(b)     Using the name "Los Iracundos"or any confusing similar colorable imitation of the name, in any manner for the purpose of enhancing the commercial value of the goods or services of Defendants;

(c)     Otherwise infringing or diluting the distinctive quality of Plaintiff's service mark and trade name "Los Iracundos";

(d)     Causing a likelihood of confusion, deception or mistake as to the makeup, source, nature or quality of Plaintiff's or Defendants' services.

(e)     Contacting promoters, advertisers or other businesses for the purpose of offering the services of Defendants as "Los Iracundos" or any confusing similar or colorable imitation of the name.

3.     For an order requiring the Defendants to deliver up and destroy all promotional literature, advertising, goods and other materials bearing the

13
**COMPLAINT**

1  infringing, diluting or injurious designations.

2      4.    For actual damages in amount not less than $100,000.00.

3      5.    For three times the amount of Plaintiff's actual damages suffered by

4  reason of Defendants' infringement of Plaintiff's mark and trade name.

5      6.    For three times the amount of Defendants' profits derived from the

6  infringement of Plaintiff's mark and trade name.

7      7.    For punitive damages in an amount to be proved at trial.

8      8.    For prejudgement interest.

9      9.    For an accounting of all monies received by Defendants form their

10  activities in connection with the use of the name "Los Iracundos."

11      10.    For costs of suit.

12      11.    For reasonable attorney fees.

13      12.    For such relief as the court may deem appropriate.

16  Dated: September 6, 2013        LAW OFFICES LOPEZ & ASSOCIATES

19                By: _____

20                    Anthony R. Lopez, Attorney for
                   Plaintiff Juan Carlos Velazquez

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff demands a trial of this action by a jury.

3

4   Dated: September 6, 2013             LAW OFFICES LOPEZ & ASSOCIATES

5

6

7                                       By: _____

8                                           Anthony R. Lopez, Attorney for
                                            Plaintiff Juan Carlos Velazquez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

**COMPLAINT**

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔬𝔣 𝔄𝔪𝔢𝔯𝔦𝔠𝔞

### 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔓𝔞𝔱𝔢𝔫𝔱 𝔞𝔫𝔡 𝔗𝔯𝔞𝔡𝔢𝔪𝔞𝔯𝔨 𝔒𝔣𝔣𝔦𝔠𝔢

# LOS IRACUNDOS

**Reg. No. 4,232,880**

**Registered Oct. 30, 2012**

**Int. Cls.: 9 and 41**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

VELAZQUEZ, JUAN CARLOS (URUGUAY INDIVIDUAL)
40 NE 1ST AVENUE, SUITE 404
MIAMI, FL 33132

FOR: PRE-RECORDED CDS FEATURING PERFORMANCES BY A MUSICAL GROUP; PRE-RECORDED ELECTRONIC AND DIGITAL MEDIA FEATURING PERFORMANCES BY A MUSICAL GROUP, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-31-1974; IN COMMERCE 3-31-1974.

FOR: ENTERTAINMENT, NAMELY, LIVE PERFORMANCES BY A MUSICAL BAND, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 7-31-1976; IN COMMERCE 7-31-1976.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE ENGLISH TRANSLATION OF "LOS IRACUNDOS" IN THE MARK IS "THE IRASCIBLE ONES" OR "THE IRATE ONES".

SER. NO. 85-522,239, FILED 1-22-2012.

GILBERT SWIFT, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

#### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.**

ORIGINAL

Name & Address:
ANTHONY R. LOPEZ, a Professional Corporation
LAW OFFICES LOPEZ & ASSOCIATES
ANTHONY R. LOPEZ, CASBN 149653
9025 Wilshire Blvd., Suite 500, Beverly Hills, CA
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JUAN CARLOS VELAZQUEZ | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV13-6549 JEM |
| CELSO HERNANDEZ individually and doing businessas PLAYA LAS TUNAS RESTAURANT (SEE ATTACHMENT) DEFENDANT(S). | SUMMONS |

TO:    DEFENDANT(S): Celso Hernandez individually and doing business as Playa Las Tunas Restaurant;
Leonardo Franco Da Silva Zannier;Adan Franco;Gianni Pivetta;Ruben Aguilera;Concepcion Garcia

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Anthony R. Lopez _____, whose address is 9025 Wilshire Blvd., Suite 500, Beverly Hills, CA 90211 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP  5 2013

By: _____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## Attachment to Summons

JUAN CARLOS VELAZQUEZ;

Plaintiff

vs.

CELSO HERNANDEZ individually and
doing business as PLAYA LAS TUNAS
RESTAURANT; LEONARDO
FRANCO DA SILVA ZANNIER;
ADAN FRANCO; GIANNI PIVETTA;
RUBEN AGUILERA; CONCEPCION
GARCIA and DOES 1 to 5

Defendants.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Juan Carlos Velazquez

**DEFENDANTS**
Celso Hernandez individually and doing business as Playa Las Tunas Restaurant; Leonardo Franco Da Silva Zannier; Adan Franco; Gianni Pivetta; Ruben Aguilera; Concepcion Garcia

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ANTHONY R. LOPEZ, a Professional Corporation
LAW OFFICES LOPEZ & ASSOCIATES, 9025 Wilshire Blvd, Suite 500
Beverly Hills, California, (310)276-4700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. SECTION 1051 – TRADEMARK

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV13-6549**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Florida |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Uruguay and Argentina |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 09/06/2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |